Tucker, P.
There is no error in the judgement. In considering the case, it shall be taken for granted, that the plea sets forth, distinctly, the fact that an appeal bad been taken and consummated by giving bond, but that by the burning of the record the party could not take steps to prosecute his appeal. The appeal of a party can have no greater effect upon the judgement appealed from, than a writ of error awarded by a superior tribunal: if there be a difference, that difference would preponderate in favor of the considerate act of a court, rather than the arbitrary appeal of the party. Now, it is no bar to an action of debt upon a judgement, that a writ of error has been awarded. The writ of error is, indeed, so far a supersedeas to the judgement, that an execution cannot regularly be issued upon it, and if issued will be quashed. But an action of debt may, nevertheless, be brought upon it j and unless for some cause, deemed adequate by the court, the proceedings be suspended, the plaintiff will be entitled to his judgement. 2 Wins. Saund. 101. h. 1 Tidd 574, 5, 6. On the judgement so obtained, an execution will not, generally, be permitted, until the writ of error is determined ; but the rule is *59 not uniform, but depends upon circumstances. Thus, where the plaintiff obtained judgement in the second action, before the writ of error sued out to the first, he was permitted to take his execution. Bishop v. Best, 3 Barn. & Ald. 275. 5 Eng. C. L. R. 281. And in Fisher v. Emerton, 1 Stra. 526. where the plaintiff got the second judgement against the bail, on a scire facias, pending the writ of error, the execution levied on their bodies was not set aside; the court saying that as the party did not apply to stay the proceedings, the court would not set them aside. In the present case, then, Drummond was entitled to the second action on the judgement. Nor was it a vexatious one; for the destruction of the record rendered it the most proper, as it certainly was the fairest, course. Therefore, the instruction of the court was not erroneous to the prejudice of Newcomb ; for if he could have produced the fullest evidence of an appeal or writ of error, it could not have barred the action. The plea was, in fact, an immaterial plea; and had the verdict been for Newcomb, Drummond would have had judgement non obstante veredicto. The verdict having been for Drummond, the judgement upon it cannot be questioned.
It must be observed, too, that the plea distinctly admits, that by burning of the papers, the party could take no steps to prosecute his appeal. Ilis appeal then was not prosecuted. Patting technicalities out of view, it may be asked, whether a plaintiff who has obtained a verdict of twelve jurors and the judgement of a court in his favor, shall be debarred of his judgement by an appeal which his adversary has never prosecuted, and which he certainly cannot now prosecute. The destruction of the record may have operated a prejudice to him perhaps: but if this unprosecuted appeal, which cannot now be prosecuted, is to have the effect of a reversal of the judgement out and out, the plaintiff will sustain greater injury. In a question whether the consequences of this accident should fall on the plaintiff who has the verdict of a jury and the judgement of a court in his favor, or on the defendant who complains that that court erred in its decisions, we should not hesitate.
*60 There was a mode, perhaps, in which the appeal might have been prosecuted. The facts might have been ascertained as to the bill of exceptions and the consummation of the appeal by the execution of the appeal bond, under the provisions of the statute, 1 Rev. Code, cb. 130. and then, it is possible, the transcript of the evidence obtained might have been acted on by the court of appeals. It struck the court, at first, that Drummond could only have been permitted to prove his case by evidence taken under that statute ; but, as there was no objection to the testimony introduced, as there was no proof that a board of commissioners had ever been appointed and had acted, and as independently of the statute, a record which has been burnt or destroyed, may be set up by parol evidence, according to' the common law, there is no good ground of objection on that score. Stark. Law Ev. part 2. § 39. p. 159.
Judgement affirmed.